IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:23-CR-00012-SPB-39 |
| ) | |
| DAMOND WILSON CARR, ) | re [1553] Motion for Reconsideration |
| ) | of Detention Order. |
| Defendant. ) | |

## **MEMORANDUM ORDER**

Defendant Damond Wilson Carr moves the Court to reconsider the detention order of November 14, 2023. In his motion and during the court hearing on his motion, Mr. Carr provided evidence addressing one of the Court's concerns about releasing him pre-trial as explained in the November 14th order; that is, returning to the same residence where drugs and firearms had been discovered.

To counter this concern, Mr. Carr offered his mother, Tracy Smith, as his custodian, and she, in turn, agreed to have Mr. Carr stay at her home, if released. Ms. Smith testified that she works day shifts at AHN St. Vincent as a drug and alcohol mental health counselor, but that her 94-year-old mother, Mr. Carr's grandmother, would be present in the home when she was at work. Ms. Smith agreed to notify the Court should she observe any violations of any pre-trial conditions placed on her son, and she assured the Court that she, along with family members and friends, would provide support to Mr. Carr to help him help his family and his new business during this time.

If released to Ms. Smith's custody, Mr. Carr plans to work at a business he co-owns with a Mr. James Hunter, The Grub or Da Grub, a deli, grill, and gaming establishment on State Street

1

in Erie. It was suggested that Mr. Carr would work at Da Grub from 11:00 am to 7:00 pm, Monday through Saturday. Mr. Carr also agreed to wear a location monitoring device to monitor his movements.

The Government argued against release, even with these new conditions. The Assistant United States Attorney pointed out that Mr. Carr was under supervision on State charges when engaging in the conduct that bases the charges here. From the record, it appears that the County bail was not revoked because of the detention in Federal Court. Nonetheless, it was also stressed that although a monitor would show where Mr. Carr was located for pre-trial supervision, it would not monitor his activities with friends and the public at home or Da Grub.

Mr. Carr's criminal record, his failure to refrain from criminal conduct while under supervision, along with the strong evidence against him on both the fentanyl and firearms charges, convinces the Court that no condition or combination of conditions will assure the safety of the community if he were released.

Therefore, although his Motion for Reconsideration of Detention Order [ECF No. 1553] is granted insofar as the Court has reconsidered the new proposal for release he offered, Mr. Carr's motion for pre-trial release is DENIED.

Date: <u>January 24, 2024</u>

SUSAN PARADISE BAXTER
United States District Judge